UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OTIS KENNER, JR. ET AL.                                         CIVIL ACTION

VERSUS                                                          NO. 12-17

SUNTRUST MORTGAGE, INC.                                         SECTION "H"(4)

## ORDER & REASONS

**IT IS ORDERED** that Plaintiffs' Motion to Remand (R. Doc. 8) is **GRANTED.** The Court lacks subject-matter jurisdiction over this case, and the case is **REMANDED** to state court.

## BACKGROUND

In October 2008, Defendant issued Plaintiffs a promissory note and mortgage in the amount of $417,000 for the purchase of their home in St. Charles Parish, Louisiana. Plaintiffs failed to make their May or June 2010 mortgage payments, and on June 17, 2011, Defendant filed a Petition to Enforce Security Interest by Executory Process, seeking a seizure and sale of the property and the recovery of the mortgage payments that Plaintiffs owed to it. (R. Doc. 1, Ex. B, pp. 1-5.) On June

1

30, 2011, the 29th District Court for the Parish of St. Charles issued an order granting Defendant's Petition and ordering Plaintiffs' home be seized and sold at auction. (R. Doc. 1, Ex. B, p. 6.) Plaintiffs' home was then seized and sold at a sheriff's auction on September 14, 2011.

Plaintiffs filed their initial Petition for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief and Declaratory relief in the 29th Judicial District Court, Parish of St. Charles, Louisiana on October 28, 2011, alleging that Defendant had improperly seized their home through abuse of the executory process. (R. Doc. 1, Ex. A.) Plaintiffs further alleged that Defendant's actions violated federal banking laws, the Home Ownership Equity Protection Act ("HOEPA"), and the Real Estate Settlement Procedures Act ("RESPA"). Plaintiffs also filed on October 28, 2011, a separate Motion to Annul Judicial Sale and Request for Issuance of a Temporary Restraining Order to prevent Defendant SunTrust from selling their home or evicting them from the property. (R. Doc. 1, Ex. B., p. 51.)

Defendant removed the present case to this Court on January 4, 2012. (R. Doc. 1.) Plaintiffs filed a Motion to Remand to State Court on January 19, 2012 (R. Doc. 8), and Defendant opposed that Motion on February 13, 2012 (R. Doc. 17). For the reasons that follow, Plaintiffs' Motion is granted, and the above-captioned case is remanded to state court.

**LEGAL STANDARD**

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C.A. § 1441(a) (West 2012); *Syngenta Crop Prot., Inc. v. Henson,* 537 U.S. 28, 34 (2002). The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal." *Id.* (citing *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)). Removal statutes should be strictly construed, and any doubt as to whether removal is appropriate should be resolved in favor of remand. *Id.* (citing *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000).

**LAW & ANALYSIS**

It is clear from Plaintiffs' state court petition that the main objective of this action is to invalidate the state foreclosure proceedings. This Court, however, does not have jurisdiction to review state court judgments, *Magor v. GMAC Mortg., L.L.C.,* 456 Fed. Appx. 334, (5th Cir. 2011), and it may not interfere with state proceedings that implicate important state interests, *Younger v. Harris,* 401 U.S. 37, 54 (1971).

"The *Rooker-Feldman* doctrine bars a district court from exercising subject matter jurisdiction in an action that it would otherwise be empowered to adjudicate if the federal plaintiff

seeks to overturn a state judgment." *Magor,* 456 Fed. Appx. at 335. Under the *Rooker-Feldman* doctrine, federal district courts do not have jurisdiction over collateral attacks on the validity of state foreclosure judgments. *Id.* at 335-36. The doctrine applies when a plaintiff seeks as a remedy the right to retain possession of his home and also bars federal jurisdiction over claims that are "inextricably intertwined" with the state court judgment. *Id.*

As a result, the Court lacks jurisdiction over this case. Louisiana has a strong interest in resolving foreclosure disputes. *Champagne v. Bank of Am., N.A.,* No. 11-2554, 2012 WL 777322 (E.D. La. Mar. 8, 2012). In addition, the ultimate purpose of this action is to prevent seizure of the property. (R. Doc. 1, Ex. A.) Plaintiffs' Petition requests only a "temporary restraining order, preliminary and permanent injunctive relief and declaratory relief on the basis of a deficiency in the Executory Process . . . ." (*Id*.) Although additional relief may be available under the applicable federal statutes, Plaintiffs have not requested this relief. If this Court were to grant Plaintiffs the requested relief, it would in essence be reversing the state court proceedings that authorized the foreclosure. Accordingly, this Court lacks jurisdiction to grant the requested relief, and the case is remanded to state court.

**CONCLUSION**

For the reasons previously stated, Plaintiffs' Motion to Remand is granted. As this Court lacks subject-matter jurisdiction over this matter, the above-captioned case is remanded to state court.

New Orleans, Louisiana, this 13th day of July, 2012.

*[signature]*
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE